UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

United States of America,

Plaintiff,

v.

Real property commonly known as 356 East
Orvis Street, Massena, NY 13662

Defendant.

Civil Action No.:    8:26-cv-1083 (AJB/DJS)

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

The United States of America (the "Plaintiff") brings this verified complaint for forfeiture *in rem* against the above-captioned real property and alleges as follows:

## NATURE OF THE ACTION

This action *in rem* is brought against the above-captioned property pursuant to 21 U.S.C. § 881(a)(7) as real property used to facilitate violations of 21 U.S.C. §§ 841, 846, and 856 (possession with intent to distribute a controlled substance, distribution of a controlled substance, conspiracy to commit the same, and maintaining a drug-involved premises). The matter is also brought pursuant to Rule G of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rule G").

## FORFEITURE AUTHORITY

21 U.S.C. § 881(a)(7) provides for the forfeiture of:

> (7) All real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this subchapter punishable by more than one year's imprisonment.

21 U.S.C. § 881(a)(7).

## THE PARTIES

1.     The Plaintiff is the United States of America.

2.     The Defendant is real property commonly known as 356 East Orvis Street, Massena, NY 13662, ("the Defendant Real Property" or "Uncle Crandy's"), and more particularly described as follows:

> ALL THAT TRACT OR PARCEL OF LAND situate in the Town of Massena, County of St. Lawrence and State of New York, and being port of the Haskell farm conveyed by Abel Haskel l to the St. Lawrence Power Company by deed dated November 15, 1897 and recorded in the Office of the Clerk of St. Lawrence County at Canton, New York, November 18, 1897, in Liber 150 C of Deeds at page 1282 and being more particularly bounded and described as follows:

> BEGINNING at a point in the center line of East Orvis Street Road at the southwest comer of the public approach to the bridge crossing Grasse River, conveyed by the St. Lawrence River Power Company to the Town of Massena by deed dated March 27, 1920 and recorded in the Office of the Clerk of St. Lawrence County at Canton, Now York, on April 15, 1920 in Liber 197 A of Deeds at page 518, and, continuing thence South 34" 53' 20" West a distance of 200 feet more or less to the southeast corner of premises conveyed by John R. Boyce, Elmer Boyce and Hattie Boyce to the Northern New York Trust Company by Warranty Deed dated January 8, 1957, recorded February 8, 1957 in the St. Lawrence County Clerk's Office in Liber 604 of Deeds at page 595; thence N, 55° 06' 40" W. along the east line of said premises so conveyed to the Northern New York Trust Company 183 feet toa point; thence N. 34° 53' 20 E. along the north line of premises conveyed to John R. Boyce, Elmer Boyce and Hattie Boyce by deed recorded in Liber 504 of Deeds at page 217 to a point in the west line of said bridge approach; thence S. 31 ° 41 ' 41" East a distance of 199.43 feet along said westerly bounds of said town bridge approach to the place of beginning.

> The parties of the second part, their heirs, successors and assigns are hereby prohibited, without the consent of the parties of the firsl part, from the erecting, placing or setting of any and all structures, trees, hedges or other objects of any nature that would obstruct the view of the intersection of the town bridge approach road with East Orvis Street Road, over and upon the following portion of the above-described premises:

> BEGINNING at a point in the westerly bounds of said town bridge approach road, said point being fifty feet northerly from the intersection of said westerly bounds

2

of said town bridge approach road and the northerly bounds of East Orvis Street Road and continuing southerly a long said west bounds a distance of fifty feet to the northerly bounds of East Orvis Street Road; thence westerly along said northerly bounds of East Orvis Street Road a distance of fifty feet lo a point; thence northeasterly through the above-described tract a distance of 83.58 feet to the place of beginning.

EXCEPTING and reserving from the above-described premises that portion thereof together with the easements and privileges thereon, conveyed to the, County of St. Lawrence for highway purposes by deed dated July I, 1932 and recorded in St. Lawrence County Clerk's Office at Canton, New York on July 29, 1932 in Liber 277 of Deeds, page 106.

This conveyance is also made subject to, all rights and privileges as contained in a certain grant of easement to the Aluminum Company of America as described in a deed dated August 5, 1949 and recorded in St. Lawrence County Clerk' Office at Canton, New York on August 18, 1949 in Liber No. 444 of Deeds, at page 453 to which reference is hereby made for a more particular description thereof.

ALSO EXCEPTING AND RESERVING therefrom that portion thereof known as Map 25, Parcel 28 as appropriated by the State of New York by Notice of Appropriation recorded September 11, 1956 in Liber 594 of Deeds at Page 442, described therein as follows

BEGINNING at a point on the northerly boundary of the existing Massena-Helena Pt. 1 State Highway No. 1261, said point being 33+/- feet distant northwesterly measured at right angles from Sta. 6+35 of the hereinafter described survey base line of S.H. No. 1261 for the reconstruction of the Massena-Helena Part 1. S.H. No. 1261; thence northwesterly 17+/- feet to a point, 50 feet distant northwesterly measured at right angles from Sta. 6+ 35 of said base line; thence northeasterly 210 feet to a point 50 feet distant northwesterly measured at right angles, from Sta. 4+25 of said base line; thence northerly 96+/- feet to its intersection with the westerly boundary of said existing Town Highway, the last mentioned point being 100 feet distant northwesterly, measured at right angles from Sta. 3+42+/- of said base line; thence southeasterly along the said boundary 75+/- feet to its intersection with the northerly boundary of said existing State Highway No. 1261, the last mentioned point being 33+/- feet distant northwesterly measured at right angles, from Sta. 3+74+/- of said base line; thence southwesterly along the last mentioned boundary of said existing highway 261 +/- feet to the point of beginning.

BEING the same premises conveyed to grantor in Liber 1081 of Deeds, at Page 1114 and recorded September I, 1994.

3.      Pursuant to Title 18 U.S.C. § 985(b)(1)(A), as real property, the Defendant Real Property shall not be seized prior to the entry of an Order of Forfeiture, subject to the exceptions in 18 U.S.C. § 985(d).

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355. Section 1345 provides district courts with "original jurisdiction of all civil actions, suits or proceedings commenced by the United States." 28 U.S.C. § 1345. Section 1355(a) provides district courts with "original jurisdiction, exclusive of the courts of the States, of any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any Act of Congress." 28 U.S.C. § 1355(a).

5.      This Court has *in rem* jurisdiction over the property and venue is properly situated in this district pursuant to 28 U.S.C. § 1355(b)(1)(A), which provides that a forfeiture action or proceeding "may be brought in…the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred." 28 U.S.C. § 1355(b)(1)(A).

6.      Venue is also properly situated in this district pursuant to 28 U.S.C. § 1395(b), which provides that "[a] civil proceeding for forfeiture of property may be prosecuted in any district where such property is found." 28 U.S.C. § 1395(b).

## BACKGROUND

7.      21 U.S.C. § 841 classifies marijuana as a Schedule I controlled substance. In New York State, it is unlawful to sell cannabis per New York Penal Law 222. To lawfully sell marijuana in New York State, a proprietor must obtain a license from New York State Office of Cannabis Management ("OCM").

4

8. Licensed New York marijuana dispensaries are required to use an inventory tracking system connected to OCM. Licensed dispensaries are permitted to sell regulated and tested adult-use cannabis products to customers aged 21 years and older. These products include flower, pre-rolls, vaporizers, concentrates, edibles, and tinctures. New York marijuana dispensaries may also sell cannabis accessories but are restricted from selling branded apparel that promotes specific product brands. All legal products feature a state-mandated "universal symbol." Dispensaries can legally sell up to 3 ounces of cannabis flower and up to 24 grams of concentrated cannabis, including vapes, edibles, and topicals per transaction.

9. The Akwesasne Mohawk Indian Reservation (hereinafter "AMIR") allows marijuana dispensaries to operate on its land. The AMIR straddles the international border with land in New York, Ontario, Canada, and Quebec, Canada. The Tribal Council is the governing body for the New York side of the AMIR. The Tribal Council requires dispensaries operating on the New York side of the AMIR to be licensed through them. The Tribal Council does not have jurisdiction over land other than the New York side of the AMIR.

10. The longhouse is a traditional faction of the Akwesasne Mohawk Indian Tribe. The longhouse purports to license dispensaries, including those owned or operated by tribal members on land outside of the AMIR. These licenses are not recognized by the Tribal Council for dispensaries operating on the AMIR nor are these licenses recognized by New York State to allow for dispensaries to operate on land outside of the AMIR.

11. The Defendant Real Property is not part of the AMIR.

12. On April 29, 2026, it was verified through the New York State Office of Cannabis Management website "Dispensary Location Verification" tool that Uncle Crandy's is not licensed to distribute cannabis at the Defendant Real Property.

5

13.    In addition, it was verified through the Saint Regis Mohawk Tribe Cannabis Control Board (CCB) that the Defendant Real Property is not on the CCB website.

## FACTS GIVING RISE TO FORFEITURE

14.    Uncle Crandy's is a marijuana dispensary located at 356 East Orvis Street, Massena, New York 13662. The deeded owner of the Defendant Real Property is Seth Oakes. His father, Gabe Oakes, is the operator of Uncle Crandy's with assistance from Gabe's other son and Seth's brother, Russ Oakes.  Seth Oakes lives out of the area.

15.    On January 18, 2022, Gabe Oakes had in person verbal correspondence with the Town of Massena Building Code Officer concerning retail marijuana sales at Uncle Crandy's. Gabe Oakes stated he did not wish to comply with any Town requirements and his authority to conduct his business was derived from the Akwesasne Tribe.

16.    Gabe Oakes purports that Uncle Crandy's is licensed by a traditional faction of the Akwesasne Mohawk Indian tribe known as "the longhouse." These licenses are not recognized by the Tribal Council nor are they recognized by New York State.

17.    On June 6, 2024, a witness met with Gabe Oakes who told the witness about his and Seth Oakes' efforts to improve and clean up the property and their interest in purchasing another nearby property.  Gabe Oakes expressed frustration with what he perceived as the Town of Massena "giving him a hard time," despite their ongoing investment in the community. Gabe Oakes stated his credit card vendor intended to terminate processing services because of the sale of THC products on the same property.

18.    On September 25, 2025, a Massena Police Department officer observed Russ Oakes carry big brown boxes into Uncle Crandy's.  Law enforcement officers stopped Russ Oakes after he left Uncle Crandy's and positively identified him.  During the stop, Russ Oakes had about

6

$2,000 that he claimed came from a smoke shop. After the stop, Russ Oakes traveled to Eagle Smoke Shop at 640 NY-37, Akwesasne, New York, which is owned by Seth Oakes.

19.     On January 20, 2026, agents observed a billboard advertisement for Uncle Crandy's on State Route 37, immediately east of 42-50 Herne Road on the AMIR. Further investigation revealed the billboard is mounted on land belonging to Gabe Oakes, specifically 42 Herne Road. Located at 42 Herne Road is another dispensary, Golden Nugget, which is owned by Seth Oakes.

20.     On July 7, 2021, the St. Regis Mohawk Tribal Court issued a temporary restraining order on Seth Oakes, as owner of Golden Nugget, to prevent the sale of marijuana from that dispensary because it was not licensed by the St. Regis Mohawk Tribal as required by the Tribal Council for dispensaries operating on the AMIR.

21.     Through multiple controlled purchases from Uncle Crandy's, agents identified multiple pound-quantity containers on shelves that contain marijuana. The containers are labeled with the name of the specific strain in the container. There are marijuana products on display in glass cases, including various THC wax, drinks, and other edible THC products resembling candy. There are surveillance cameras inside the front and rear of the store. There is also a functioning ATM. Uncle Crandy's does not accept credit card payments.

22.     On September 4, 5, and 11, 2025, undercover law enforcement agents conducted controlled purchases of marijuana from Uncle Crandy's. They purchased the following: (i) one ounce of "Purple Haze" marijuana for $100; (ii) one ounce of marijuana for $133; (iii) four bags containing marijuana labeled "Uncle Crandy's", a marijuana gummy package, and a jar containing marijuana cigarettes for $906; and (iv) 1 bag of marijuana and 1 marijuana cigarette for $80, which was sold to an undercover officer who was under 21 years old. All items purchased were seized as evidence and tested positive for marijuana.

7

23.     On May 7, 2026, an agent operating in an undercover capacity went to Uncle Crandy's to purchase marijuana. The cashier assisted the agent with selecting a strain of marijuana and an e-cigarette with the flavor they wanted.  The agent asked about purchasing THC gummies and observed that their selection included gummies with up to 1,000 mg of advertised THC strength.  The agent purchased the marijuana, e-cigarette, and one package of gummies for $175. The cashier gave the agent a free marijuana cigarette with their purchase.  The agent observed the cashier make a handwritten note detailing the purchase and saw other similar notes by the cash register.

## CONCLUSION

24.     The facts set forth above support a reasonable belief that the government will be able to meet its burden of proof at trial.

WHEREFORE, pursuant to Supplemental Rule G, the Plaintiff, the United States of America, respectfully requests that the Court:

(1)     Issue a Notice of Complaint for Forfeiture Against Real Property and Summons, in the form submitted with this Complaint;

(2)     Direct any person having any claim to the Defendant Real Property to file and serve their Verified Claims and Answers as required by 18 U.S.C. § 983(a)(4) and Supplemental Rule G;

(3)     Enter judgment declaring the Defendant Real Property to be forfeited and condemned to the use and benefit of the United States; and

(4)     Award such other and further relief to the United States as it deems proper and just.

Dated: May 19, 2026

<div style="margin-left: 40%;">

TODD BLANCHE
Acting Attorney General

JOHN A. SARCONE III
First Assistant United States Attorney

By:   /s/ Jeffrey D. Brown
       Jeffrey D. Brown
       Assistant United States Attorney
       Bar Roll No. 707241

</div>

## VERIFICATION

STATE OF NEW YORK          )
                          )  ss:
COUNTY OF CLINTON          )

I am a Special Agent with the Drug Enforcement Administration. I have read the foregoing Complaint for Forfeiture *in Rem* and assert that the facts contained therein are true to the best of my knowledge and belief, based upon knowledge possessed by me as well as on information received from other law enforcement officers.

I hereby verify and declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated this _19_ day of May, 2026.

James McClare, Special Agent
Drug Enforcement Administration

10